UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER ROSENBERG,
individually and on behalf
of others similarly situated,

    Plaintiff,

v.                         Case No.: 8:18-cv-2648-T-33SPF

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss the Amended Complaint, or in the Alternative, Strike Prayer for Attorney's Fees in Counts I and II (Doc. # 16), filed on December 20, 2018. Plaintiff Heather Rosenberg responded on January 21, 2019. (Doc. # 32). Blue Cross replied on January 30, 2019. (Doc. # 36). For the reasons that follow, the Motion is granted.

**I.**    **Background**

"Since January 1, 2017, Rosenberg had a Florida Blue Affordable Care Act Qualified Policy which was on automatic renewal as well as automatic payment of insurance premiums." (Doc. # 8 at 2). Then, in November of 2017, Rosenberg obtained

1

a new Blue Cross policy for herself and four family members. (Id. at 3). "On or about December 29, 2017, [Blue Cross] withdrew payment from the account that Rosenberg designated for auto payment" and sent Rosenberg a notice that it had withdrawn her payment. (Id.).

Time went on and Rosenberg never received notification that her policy had been terminated or cancelled. (Id.). Then, on July 11, 2018, Rosenberg attempted to log in to her online Blue Cross account but could not. (Id.). When Rosenberg called Blue Cross about the issue, she was informed that "her policy had been terminated/cancelled as of May 31, 2018 and that [Blue Cross] would not be reinstating the policy." (Id.). Blue Cross did not send a notice of cancellation to Rosenberg until after this July 11 phone call. (Id.).

Rosenberg alleges that, because of Blue Cross's "unreasonable and unlawful termination/cancellation of coverage, [she] has been subjected to immediate and irreparable harm including but not limited to loss of insurance coverage for potential illness which has forced the purchase of a short term healthcare policy which does not provide adequate or equal coverage, has incurred out of pocket healthcare expenses and tax penalties caused by the wrongful

termination of a Patient Protection and Affordable Care Act Qualified Insurance Policy." (Id. at 4).

Rosenberg initiated this action on behalf of herself and all other similarly situated individuals on October 29, 2018. (Doc. # 1). Then, on November 15, 2018, Rosenberg filed the Amended Complaint, asserting the following claims: (I) for violation of 42 U.S.C. §§ 300gg-2, 300gg-12, and 300gg-42, which are sections of the Affordable Care Act (ACA) and the Health Insurance Portability and Accountability Act (HIPAA); (II) for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202; (III) violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201 et seq.; (IV) breach of contract; (V) breach of implied covenant of good faith and fair dealing; and (VI) for violation of 15 U.S.C. § 45, which is part of the Federal Trade Commission Act (FTCA). (Doc. # 8).

Blue Cross now moves to dismiss all the claims of the Amended Complaint, or alternatively strike the prayer for attorney's fees in Counts I and II. (Doc. # 16). Rosenberg has responded (Doc. # 32), and Blue Cross has replied. (Doc. # 36). The Motion is ripe for review.

**II. Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III. Analysis

Blue Cross makes numerous arguments for dismissal of the various counts of the Amended Complaint. The Court will address them one-by-one.

### A. ACA

In Count I, Rosenberg asserts claims under two subsections of the ACA, 42 U.S.C. §§ 300gg-2 and 300gg-12. (Doc. # 8 at 12-13). Blue Cross argues these claims must be dismissed with prejudice because Sections 300gg-2 and 300gg-12 do not create private rights of action. (Doc. # 16 at 5-7).

Section 300gg-2 provides that a health insurer "must renew or continue in force [health insurance] coverage at the option of the plan sponsor or the individual" unless one of the exceptions listed in Section 300gg-2(b) applies. 42 U.S.C. § 300gg-2. These exceptions include that the insured individual "has failed to pay premiums or contributions in accordance with the terms of the health insurance coverage or the issuer has not received timely premium payments." Id. And Section 300gg-12 states that "a health insurance issuer offering group or individual health insurance coverage shall not rescind such plan or coverage with respect to an enrollee once the enrollee is covered under such plan or coverage

5

involved" and such policy "may not be cancelled except with prior notice to the enrollee, and only as permitted under [S]ection 300gg-2(b) or 300gg-42(b)." 42 U.S.C. § 300gg-12.

Blue Cross is correct that neither section explicitly creates a private right of action for insureds like Rosenberg. Rather, under Section 300gg-22, the Secretary of Health and Human Services or the appropriate state authorities are empowered to enforce the provisions of the ACA. 42 U.S.C. § 300gg-22.

Although there is no express private right of action, an implied private right of action still may exist. "[T]he burden rests with [Rosenberg] to establish that an implied private right of action exists." McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1221 (11th Cir. 2002). In determining whether to imply a cause of action, the Court looks to four factors:

> (1) whether plaintiffs constitute "one of the class for whose especial benefit the statute was enacted;"
>
> (2) whether there is "any indication of legislative intent, explicit or implicit, either to create a remedy or to deny one;"
>
> (3) whether inferring a private right of action would be "consistent with the underlying purposes of the legislative scheme;" and
>
> (4) whether the cause of action "is traditionally relegated to state law . . . so that it would be inappropriate to infer a cause of action based solely on federal law."

6

Id. at 1221–22 (quoting Cort v. Ash, 422 U.S. 66, 78 (1975)).

"[T]he critical focus of the inquiry is the second Cort factor, and whether Congress intended to create a private right of action." Id. at 1222. Furthermore, "the Supreme Court cautioned the judiciary to exercise restraint in implying a private right of action, and required that affirmative evidence of congressional intent to create a private remedy must exist." Id. "The bar for showing legislative intent is high. 'Congressional intent to create a private right of action will not be presumed. There must be clear evidence of Congress's intent to create a cause of action.'" McDonald v. S. Farm Bureau Life Ins. Co., 291 F.3d 718, 723 (11th Cir. 2002)(quoting Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1345 (11th Cir. 1997)).

In her response, Rosenberg asserts that she "has an implied private right of action under the ACA due to the tax penalty and taxation falling outside the scope of the business of insurance pursuant to the McCarran Ferguson Act." (Doc. # 32 at 6). Rosenberg emphasizes that, at the time of her policy's cancellation, a tax penalty existed for individuals who failed to obtain insurance policies. (Id. at 5); see 26 U.S.C. § 5000A. Because of Blue Cross's cancellation of her policy allegedly in violation of the ACA, Rosenberg was

7

subject to this tax penalty. (Doc. # 32 at 5, 6; Doc. # 8 at 4, 14, 16, 17).

According to Rosenberg, Section 300gg-12 "creates a private remedy by virtue of 26 U.S.C. [§§] 5000A(a) and 5000A(b)," which are sections of the Internal Revenue Code, because the "Internal Revenue Code provides a private right to action in the United States District Court." (Doc. # 32 at 7). So, Rosenberg reasons, an implied right of action under Sections 300gg-2 and 300gg-12 of the ACA exists because Blue Cross's alleged violation of these sections resulted in Rosenberg paying a tax penalty, which is governed by a different federal statute.

The Court is not persuaded by this argument. As Blue Cross correctly notes, the Amended Complaint "does not allege that [Blue Cross] violated 26 U.S.C. § 5000A" — it "challenges termination of her HMO Contract, not the federal government's imposition of the tax penalty." (Doc. # 36 at 3). Regardless, Section 5000A does not create a private right of action for individuals like Rosenberg and does not reflect an intent by Congress to create an implied right of action. (Id.).

Rather, the Court agrees with Blue Cross that an implied private right of action should not be read into Sections 300gg-2 and 300gg-12. See Warren Pearl Const. Corp. v.

Guardian Life Ins. Co. of Am., 639 F. Supp. 2d 371, 376-77 (S.D.N.Y. 2009)(holding that there is no private right of action under Section 300gg-2, which was then numbered Section 300gg-12). Congress could easily have specified private rights of action for these sections but did not, and instead endowed the Secretary of Health and Human Services and state authorities with enforcement power. Rosenberg has not presented convincing evidence indicating that Congress intended to create private rights of action for these sections of the ACA. Therefore, because no private rights of action exist under Sections 300gg-2 and 300gg-12, Count I is dismissed with prejudice to the extent it is brought under those statutes.

### B. HIPAA

Also in Count I, Rosenberg asserts a claim under 42 U.S.C. § 300gg-42 in HIPAA. (Doc. # 8 at 12-13). Again, Blue Cross contends the claim must be dismissed because Section 300gg-42 does not create a private right of action. (Doc. # 16 at 7-8).

Section 300gg-42(a) provides that "a health insurance issuer that provides individual health insurance coverage to an individual shall renew or continue in force such coverage at the option of the individual" except for the reasons listed

9

in Section 300gg-42(b). 42 U.S.C. § 300gg-42. These include that "[t]he individual has failed to pay premiums or contributions in accordance with the terms of the health insurance coverage or the issuer has not received timely premium payments." Id.

This section does not create an express private right of action. And Blue Cross is correct that multiple courts have held that there is no private right of action — express or implied — under Section 300gg-42. See Brock v. Provident Am. Ins. Co., 144 F. Supp. 2d 652, 657 (N.D. Tex. 2001)(finding that "no private remedy exists" under Section 300gg-42); O'Donnell v. Blue Cross Blue Shield of Wyo., 173 F. Supp. 2d 1176, 1179-80 (D. Wyo. 2001)(addressing Sections 300gg-22 through 300gg-61 and finding "no congressional intent to create a private right or remedy" under any provision of HIPAA). Furthermore, courts considering other sections of HIPAA have also held that no private rights of action exist. Indeed, one court explained that "no court has held that a private cause of action exists under HIPAA." Miller v. Harden, No. 3:06-cv-136-HES-TEM, 2006 WL 5083825, at *8 (M.D. Fla. Sept. 7, 2006). There is also "no evidence of congressional intent to create a private right of action under the HIPAA."

Means v. The Indep. Life & Accident Ins. Co., 963 F. Supp. 1131, 1135 (M.D. Ala. 1997).

The Court notes that Rosenberg failed to address Blue Cross's arguments concerning HIPAA and Section 300gg-42 in her response. (Doc. # 32). Thus, it appears that Rosenberg does not oppose Blue Cross's request for dismissal of Count I to the extent it is brought under HIPAA.

And, upon review, the Court agrees with Blue Cross. There is no indication of congressional intent to create a private right of action for insureds like Rosenberg under Section 300gg-42. Count I is dismissed with prejudice because Section 300gg-42 does not create a private right of action.

### C. FTCA

In Count VI, Rosenberg asserts that Blue Cross violated the FTCA, 15 U.S.C. § 45. (Doc. # 8 at 18). Blue Cross again points out that there is no private right of action under this federal statute. (Doc. # 16 at 4). And Rosenberg has failed to respond to this argument. (Doc. # 32).

Blue Cross is correct. "There is no private cause of action implied under the Federal Trade Commission Act." Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 F. App'x 891, 894 (11th Cir. 2006). "Only the Federal Trade Commission can bring a civil action under 15 U.S.C. § 45(a), which is

part of the Federal Trade Commission Act." Truthinadvertisingenforcers.com v. My Pillow, Inc., No. 8:17-cv-169-T-33AAS, 2017 WL 382725, at *2 (M.D. Fla. Jan. 27, 2017); see also Gomez v. Bank of Am. Corp., No. 8:15-cv-324-T-33EAJ, 2015 WL 667664, at *1 (M.D. Fla. Feb. 17, 2015)(dismissing 15 U.S.C. § 45(a) claim because "[t]he Federal Trade Commission Act does not create a private right of action" (citing Fulton v. Hecht, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978))). Therefore, Count VI is dismissed with prejudice.

### D. Declaratory Relief

In Count II, Rosenberg seeks a declaration under the federal Declaratory Judgment Act "that the Insurance Policies that are the subject of this Action were unlawfully terminated and/or cancelled and that the policies be immediately reinstated retroactively to the date of the wrongful termination and/or cancellation and the Defendant shall be responsible for any and all damages caused by any wrongful termination and/or cancellation." (Doc. # 8 at 13-14). Thus, Rosenberg essentially seeks a declaration that Blue Cross violated Sections 300gg-2, 300gg-12, and 300gg-42 when it cancelled her insurance policy.

The Court finds that the declaratory judgment claim should be dismissed because Sections 300gg-2, 300gg-12, and 300gg-42 do not create private rights of action. See <u>Millenium Labs., Inc. v. Universal Oral Fluid Labs., LLC</u>, No. 8:11-cv-1757-MSS-TBM, 2012 WL 12905083, at *4 (M.D. Fla. Apr. 25, 2012)("Plaintiff is also unable to seek declaratory relief as to Florida Statutes §§ 817.505, 456.054, and 483.245 because none of these statutes appear to imply a private right of action.").

"Many courts, including the Eleventh Circuit, have held that a claim for declaratory relief must be dismissed where there is no private right of action available for an alleged statutory violation." <u>Id.</u> at *3; see also <u>Florida v. Seminole Tribe of Fla.</u>, 181 F.3d 1237, 1250 (11th Cir. 1999)(affirming dismissal of claim where plaintiff sought judgment declaring tribal gaming was being unlawfully conducted because the Indian Gaming Regulatory Act did not create a private cause of action). Indeed, "the Declaratory Judgment Act does not authorize actions to decide whether federal statutes have been or will be violated when no private right of action to enforce the statutes has been created by Congress." <u>Jones v. Hobbs</u>, 745 F. Supp. 2d 886, 893 (E.D. Ark. 2010).

"The reasoning behind the prohibition on declaratory relief regarding statutes that do not create private rights of action is especially strong here, where a [government] agency or department is charged with investigating and declaring violations of the statutes at issue." Quilty v. Envision Healthcare Corp., No. 8:18-cv-341-T-33CPT, 2018 WL 2445824, at *8 (M.D. Fla. May 31, 2018). Indeed, other courts have dismissed claims for declaratory relief when such claims were based on alleged violations of the ACA. See Terry v. Health Care Serv. Corp., No. CIV-18-0415-C, 2018 WL 4609954, at *6 (W.D. Okla. Sept. 25, 2018)(dismissing claim seeking declaration that insurance contract was noncompliant with ACA because there is no private right of action under ACA); Air Evac EMS Inc. v. Usable Mut. Ins. Co., No. 4:16-CV-00266 BSM, 2018 WL 2422314, at *3 (E.D. Ark. May 29, 2018)(dismissing declaratory relief claim because there is no private right of action under ACA).

Therefore, Count II is dismissed with prejudice because Sections 300gg-2, 300gg-12, and 300gg-42 do not create private rights of action.

### E. State and Common Law Claims

All the claims raising federal questions have now been dismissed. The remaining claims — under FDUTPA and for breach

of contract and breach of the implied covenant of good faith and fair dealing — are governed by state law. Because Rosenberg and Blue Cross are both citizens of Florida (Doc. # 8 at 4), the Court does not have diversity jurisdiction. Therefore, the only basis for the Court to hear the remaining claims is its exercise of supplemental jurisdiction.

"The dismissal of [a plaintiff's] underlying federal question claim does not deprive the Court of supplemental jurisdiction over the remaining state law claims." Baggett, 117 F.3d at 1352. "Indeed, under 28 U.S.C. § 1367(c), the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the Court has dismissed all claims over which it had original jurisdiction, but [the Court] is not required to dismiss the case." Id.

Nevertheless, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004). And the Supreme Court has advised that "when federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal

court should decline the exercise of jurisdiction." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988).

Here, the Court determines it is appropriate to decline the exercise of supplemental jurisdiction over the remaining state claims. Therefore, those claims are dismissed without prejudice so that Rosenberg may re-file them in state court, if she wishes.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss the Amended Complaint, or in the Alternative, Strike Prayer for Attorney's Fees in Counts I and II (Doc. # 16) is **GRANTED** as set forth in this Order.

(2) Counts I, II, and VI are dismissed with prejudice.

(3) Counts III, IV, and V are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over these claims.

(4) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of January, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE